I concur, therefore, in the decree rendered in this case.

---

(115 So. 660)

No. 28921.

### DUGAN v. CLESI.

Feb. 13, 1928.

*(Syllabus by Editorial Staff.)*

1. **Master and servant ⟨⟩70(2)—Employee given under contract monthly share of commissions as actually collected held not entitled to uncollected commissions.**

Where contract stipulated that one employed as office manager in real estate establishment should receive a certain share of commissions on 1st day of each month "as actually collected" during preceding month, such employee suing for nine months' commissions had no right to recover commissions earned but not collected during that period.

2. **Master and servant ⟨⟩73(2)—Employee visiting piano store and dictating letters in connection with piano business did not violate contract to devote entire time to employer's business.**

Action of one employed as office manager and supervisor of salesmen in real estate establishment in visiting piano store and spending time in dictating and writing letters and signing checks in connection with piano business in which he was formerly engaged did not constitute violation of clause in contract of employment requiring him to devote his entire time to his employer's business, in employee's action after his discharge for his share of commissions due him under contract.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by John V. Dugan against Victor Clesi. Judgment for plaintiff, defendant appeals, and plaintiff prays an amendment to the judgment. Amendment denied, and judgment affirmed.

Emile Pomes, of New Orleans, for appellant.

John J. Reilley, of New Orleans, for appellee.

O'NIELL, C. J. [1] This case presents only questions of fact. The plaintiff was employed as office manager and supervisor of the work of the salesmen employed in the real estate establishment of the defendant. The contract of employment was in writing, dated the 2d of April, 1926, and was for the term of twelve months commencing on the 4th of April, 1926. The plaintiff was to receive as compensation for his services 10 per cent. of the commissions or receipts of the business after deduction of the commissions due to salesmen. It was stipulated in the contract that the plaintiff should "devote his entire time to the interests of his employer and to said business.". The defendant discharged him on the 9th of June, 1926, on the ground that he was not devoting his entire time to the interests of the business, but was dividing his time and attention between his employer's business and a piano business which he was theretofore liquidating, and that his neglect of his employer's business caused dissatisfaction and complaints and disorganization among the salesmen. The plaintiff filed this suit on the 19th of January, 1927, for an accounting and payment of his share of the commissions earned and collected during the preceding nine months—that is, up to the 4th of January, 1927—and prayed for reservation of his right to collect his share of the commissions to be earned and collected during the next three months. The report of the auditor appointed by the court showed that 10 per cent. of the defendant's earnings, less commissions paid to salesmen, amounted to $1,953.09, and that plaintiff had received on account $634.82. The district court, therefore, gave judgment in favor of the plaintiff for the balance, $1,318.27, with legal interest from judicial demand, and reserved his right to collect his

share of the commissions earned but not collected by the defendant during the nine months, and to collect his share of the earnings during the next three months after the 4th of January, 1927. The defendant has appealed from the decision; and the plaintiff, answering the appeal, prays for an amendment of the judgment so as to include commissions amounting to $38.40 on leases and $815.07 on sales made during the nine months ending on the 4th of January, 1927, but not yet collected on that date. As the contract stipulated that the plaintiff was to receive on the 1st day of each month his share of the commissions "as actually collected" by the defendant during the preceding month, there is no basis for the appellee's demand for an amendment of the judgment in that respect.

[2] It is not disputed by either of the parties to the suit that the auditor's report was correct, or that the judgment itself is correct, if the defendant had not sufficient cause for discharging the plaintiff during the term of the contract of employment. Up to the time of his employment, the plaintiff was engaged in the piano business, and was also one of the three liquidators of the affairs of his predecessor in business, the Dugan Piano Company, in a building on the same street and only two doors from the real estate establishment of the defendant. The plaintiff sold out his piano business to another dealer, and gave up his position as one of the liquidators of the Dugan Piano Company, in order to accept the employment with the defendant. Plaintiff's successor in business placed a manager in the piano store, and plaintiff was represented there by a young woman employed by him to wind up his unfinished business, collect the accounts receivable, etc.; and, quite naturally, she was compelled to consult him at times and to call upon him to sign checks, etc. The principal complaint of the defendant in this case is that the young lady called too often at the real estate office, and that the plaintiff went over to the piano store too often and stayed there too long during the hours when he should have been attending to the defendant's real estate business. From the testimony of some of the witnesses, the complaints seem to have been well founded; but from the testimony of others the causes for complaint seem to have been greatly exaggerated. The district judge was in a better position than we are in to judge of the credibility of the witnesses, and we do not observe any error in his judgment. Another complaint made by the defendant was that the plaintiff spent a part of his time dictating to the stenographer in the real estate office letters pertaining to the piano business. The carbon copies of the letters were left by the plaintiff in the real estate office when he was discharged, and were introduced in evidence against him. There are only eighteen of them, and most of them are very brief. No complaint was made on that score before or when the plaintiff was discharged. We agree with the district judge that the time spent in the dictating and writing of the letters, and in signing checks for the piano business, and visiting the piano store, was not a matter of sufficient importance to be regarded as a violation of the clause in the contract of employment, requiring the plaintiff to devote his entire time to the business of his employer.

The judgment is affirmed.